UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case No.: _____

JACQUELINE MARKS,

    Plaintiff,

v.

ORION MEDICAL ENTERPRISES, INC.
d/b/a North Beach Dialysis Center &
JOHN DOES 1-10,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Jacqueline Marks, sues Defendants, Orion Medical Enterprises, Inc., d/b/a North Beach Dialysis Center ("Orion") and, John Does 1-10, for violating the Family and Medical Leave Act, 29 U.S.C. § 2615(a)(1)&(2) ("FMLA").

**Parties, Jurisdiction, Venue Etc.**

1. Plaintiff, a resident of Broward County, Florida, was employed full-time by Orion in Miami-Dade County. She was an employee within the meaning of the FMLA and was eligible for FMLA leave.

2. Defendants are all employers within the meaning of the FMLA. *See* 29 CFR § 825.104.

3. Orion is a Florida corporation with its principal place of business in Miami-Dade County. It has in excess of 50 employees.

4. John Does 1-10 are currently unidentified individual employers within the meaning of the FMLA.

5. Jurisdiction is based on 28 U.S.C. § 1331 (federal question jurisdiction).

6. Venue is proper because all of the facts and allegations that form the basis of this Complaint occurred within Miami-Dade County, Florida. 28 U.S.C. § 89.

7. Plaintiff has retained counsel and is obligated to pay a fee for services rendered.

## Facts Common to All Counts

8. Plaintiff was employed by Defendants from January 2007 through October 2009. She served as a patient care technician.

9. In early July 2009, Plaintiff suffered a severe rotator cuff injury.

10. Between late July 2009 and August 24, 2009, Plaintiff took sick leave. Her intention was to take FMLA leave following the sick leave to rehabilitate the injury.

11. On or before August 24, 2009, Plaintiff provided Orion with paperwork from her doctor confirming the injury and need for leave.

12. At no time did Orion officially approve or deny the FMLA leave and did not provide Plaintiff with any information regarding her requested or potential need for FMLA leave.

13. After beginning FMLA leave, no one at Orion contacted her regarding her leave. No one called to indicate that she was absent from work without approval, or anything of the sort.

14. On September 18, 2009, Plaintiff contacted Orion and indicated her intent and desire to return to work on September 28, 2009.

15. Orion told Plaintiff that she was removed from the scheduled and would not be placed back on or returned to work. Plaintiff also learned that she was replaced.

16. On September 24, 2009, Plaintiff contacted the U.S. Department of Labor, Wage and Hour Division, ("Wage and Hour"). Wage and Hour is the division of the U.S. Department of Labor responsible for investigating and enforcing violations of the FMLA.

17. On September 28, 2009, the Defendants refused to return Plaintiff to work. Plaintiff was instead offered a part-time "as needed" position but she was never called in to work.

18. Wage and Hour contacted Orion and told Orion that it was obligated, pursuant to the FMLA, to reinstate Plaintiff to the same or equivalent position.

19. Orion, through Kim Kline, agreed to reinstate Plaintiff to the same position and same shift. Orion also agreed to pay Plaintiff one week of back pay.

20. After agreeing to reinstate Plaintiff, Wage and Hour was contacted by Orion's attorney. Orion no longer agreed to reinstate the Plaintiff and instead Orion attempted to simply settle the matter.

21. On October 5, 2009, Plaintiff was contacted by Kim Kline. Kline asked Plaintiff is she could return to work on October 7, 2009. Plaintiff indicated that she could and would.

22. On October 6, 2009, at approximately 5:45 p.m., Plaintiff was contacted by Sasha Patterson. Patterson told Plaintiff that she (Patterson) was contacted by management and was instructed to inform Plaintiff that Plaintiff should not report to work.

23. Plaintiff was terminated. The exact date and circumstances of her termination remain unknown.

24. She was not given any explanation for or official notification of her termination.

25. The Agency for Workforce Innovation held an evidentiary hearing on Plaintiff's separation from employment with Orion and whether she was entitled to unemployment compensation. The Agency concluded that Plaintiff took approved FMLA leave, was guaranteed reinstatement and was denied reinstatement despite being ready, willing and able to work. Orion did not even bother to appear for the evidentiary hearing.

26. Since being terminated, Plaintiff has been unable to find work despite her diligent efforts to find same.

### Count I – Family and Medical Leave Act[1]
### (Interference Regarding Eligibility and Intent to Take Leave)

27. Plaintiff incorporates paragraphs 1 – 26.

28. Plaintiff was a covered employee and Defendants are covered employers under the FMLA.

29. Plaintiff engaged in statutorily protected activity when she attempted to take FMLA leave.

30. Plaintiff was entitled to take FMLA leave.

31. Orion was obligated to provide Plaintiff with a notice of eligibility, but did not.

32. Defendants denied and interfered with her rights under the FMLA by not permitting her to take FMLA leave and by not providing her with her notice of eligibility.

33. Plaintiff has suffered financial damages as a result of the retaliation.

34. Defendants' violation was willful.

### Count II – Family and Medical Leave Act
### (Interference Regarding Reinstatement)

35. Plaintiff incorporates paragraphs 1 – 26.

36. Plaintiff was a covered employee and Defendants are covered employers under the FMLA.

37. Plaintiff engaged in statutorily protected activity when she took FMLA leave.

38. Plaintiff was entitled to restoration of her regular and normal employment upon returning to work.

---

[1] All four counts are pled in the alternative.

39. Defendants denied and interfered with her rights under the FMLA by not restoring her to the same or similar position.

40. Plaintiff has suffered financial damages as a result of the interference.

41. Defendants' violation was willful.

## Count III – Family and Medical Leave Act
### (Retaliation Regarding Eligibility and Intent to Take Leave)

42. Plaintiff incorporates paragraphs 1 – 26.

43. Plaintiff was a covered employee and Defendants are covered employers under the FMLA.

44. Plaintiff engaged in statutorily protected activity when she attempted to take FMLA leave.

45. Plaintiff was retaliated against when she was denied FMLA leave and was denied restoration as a result of and in retaliation for her desire to take FMLA leave.

46. Plaintiff has suffered financial damages as a result of the retaliation.

47. Defendants' violation was willful.

## Count IV – Family and Medical Leave Act
### (Retaliation Regarding Reinstatement)

48. Plaintiff incorporates paragraphs 1 – 26.

49. Plaintiff was a covered employee and Defendants are covered employers under the FMLA.

50. Plaintiff engaged in statutorily protected activity when she took FMLA leave and when she complained to Wage and Hour.

51. Plaintiff was retaliated against as a result of filing a complaint with Wage and Hour.

52. Plaintiff suffered an adverse employment action when she was terminated by Defendants.

53. Plaintiff's termination was causally related to her engagement in statutorily protected activity.

54. Plaintiff has suffered financial damages as a result of the retaliation.

55. Defendants' violation was willful.

### Demand for Jury Trial

Plaintiff demands a trial by jury on all issues so triable.

### Prayer for Relief

Plaintiff prays that this Court enter judgment in her favor against Orion Medical Enterprises, Inc. and John Does 1-10 (jointly and severally) and award monetary damages for back pay, front pay, liquidated damages, reasonable attorneys' fees and costs and any other relief this Court deems appropriate.

Dated: January 13th, 2010

Respectfully submitted,

_____
Matthew Seth Sarelson, Esq.
Fla. Bar No. 888281
**SARELSON LAW FIRM, P.A.**
1401 Brickell Avenue, Suite 510
Miami, Florida 33131
305-379-0305
800-421-9954 (fax)
msarelson@sarelson.com

_____
Rasha G. Lutfi, Esq. (w/permission)
Fla. Bar No. 13702
**LUTFI LAW, P.A.**
Imperial Plaza
6767 N. Wickham Rd., Suite 400
Melbourne, Florida 32940
321-421-6697
321-821-0483 (fax)
rasha@lutfilaw.com