UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JACQUELINE MARKS

     Plaintiff,

vs.

ORION MEDICAL ENTERPRISE, INC.
and JOHN DOES 1-10,

     Defendants.
_____/

CASE NO.: 10-20121-CV-GRAHAM
Magistrate Torres

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

The Defendant, ORION MEDICAL ENTERPRISES, INC. ("Orion")( incorrectly identified in the caption as "d/b/a North Beach Dialysis Center"), as and for its Answer to the Complaint filed by the Plaintiff, JACQUELINE MARKS ("Plaintiff" or "Ms. Marks" ), hereby states as follows:

1. Orion lacks sufficient information to admit or deny whether Plaintiff is a resident of Broward County. Orion denies that Plaintiff was employed by Orion. The last sentence of paragraph 1 sets forth a legal conclusion to which no response is required.

2. Orion admits that it is an "employer" within the meaning of the FMLA. Orion denies the remaining allegations in paragraph 2.

3. Admitted.

4. Orion lacks sufficient information to admit or deny the allegations in paragraph 4.

5. Admitted.

6. Admitted.

7. Orion lacks sufficient information to admit or deny the allegations in paragraph 7.

8. Denied.

Case No.:10-20121-CV-GRAHAM
page - 2 -

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Orion lacks sufficient information to admit or deny the allegations of the first sentence in paragraph 16. Orion admits that Wage and Hour administers the FMLA.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Orion incorporates its responses to the allegations in paragraphs 1-26.

28. Paragraph 28 sets forth legal conclusions to which no response is required.

29. Paragraph 29 sets forth a legal conclusion to which no response is required.

30. Paragraph 30 sets forth a legal conclusion to which no response is required.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Orion incorporates its responses to the allegations in paragraphs 1-26.

36. Paragraph 36 sets forth legal conclusions to which no response is required.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Orion incorporates its responses to the allegations in paragraphs 1-26.

43. Paragraph 43 sets forth legal conclusions to which no response is required.

44. Paragraph 44 sets forth a legal conclusion to which no response is required.

45. Denied.

46. Denied.

47. Denied.

48. Orion incorporates its responses to the allegations in paragraphs 1-26.

49. Paragraph 49 sets forth legal conclusions to which no response is required.

50. Paragraph 50 sets forth legal conclusions to which no response is required.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Orion denies all allegations not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff was not employed by Orion.

2. Plaintiff has failed to join her actual employer which is an indispensable party in this action.

3. Plaintiff was not terminated from her employment during the period referenced in the complaint.

4. Plaintiff did not incur any damages as a result of any alleged violation of the FMLA as alleged in the complaint.

5. When Plaintiff was absent from work as alleged in the complaint it was not the result of a "serious health condition" within the meaning of the FMLA.

6. Assuming, *arguendo*, that Plaintiff was absent from work because she had a "serious health condition" within the meaning of the FMLA, Plaintiff was not able to perform the essential functions of her job when she attempted to resume performing work for her employer following the conclusion of her absence from work.

7. Assuming, *arguendo*, that Plaintiff was absent from work because she had a serious health condition within the meaning of the FMLA, her employer believed in good faith that she was not able to perform the essential functions of her job when she attempted to resume performing work for her employer following the conclusion of her absence from work.

8. Plaintiff failed to comply with her statutory obligations under the FMLA.

9. Plaintiff voluntarily resigned from her employment.

10. Plaintiff has waived her right to seek damages based on any alleged termination of her employment because she authorized the Wage and Hour Division of the Department of Labor to advise her employer that she was resigning from her employment.

11. Plaintiff is estopped from seeking damages based on any alleged termination of her employment because she authorized the Wage and Hour Division of the Department of Labor to represent to her employer that she was resigning from her employment with the intent that her employer would rely on such representation, and her employer reasonably relied on that representation.

12. Plaintiff's employer believed in good faith that she had resigned from her employment.

13. Plaintiff's inability to resume performing her job duties for her employer when she sought to do at the conclusion of her absence from work had nothing to do with any retaliation for Plaintiff's alleged exercise of her FMLA rights.

14. Plaintiff has failed to mitigate her alleged damages.

15. Any damages Plaintiff allegedly incurred are a result of her own actions and conduct.

16. Plaintiff's damages, if any, must be reduced by any payment previously received, or hereinafter received by Plaintiff from any collateral sources.

17. Count I fails to state a claim under the FMLA upon which relief can be granted.

18. Count III fails to state a claim under the FMLA upon which relief can be granted.

WHEREFORE, the Defendant, ORION MEDICAL ENTERPRISES, INC., respectfully requests that this Court dismiss the Complaint, award Orion its attorneys' fees, expenses and costs, and grant such other and further relief to Orion as this Court deems just and proper.

Respectfully submitted,

Anania, Bandklayder, Baumgarten & Torricella
Attorneys for Defendant
Bank of America Tower – Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900

By:   /s   Maurice J. Baumgarten
          Maurice J. Baumgarten
          Florida Bar No. 525324
          Email:  mbaumgarten@anania-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of February 2010, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF, which will send notice to Matthew Seth Sarleson, Esq. and Rasha G. Lufti, Esq., counsel for Plaintiff.

          /s    Maurice J. Baumgarten
          Maurice J. Baumgarten