UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-20121-CV-GRAHAM
Magistrate Torres

JACQUELINE MARKS

    Plaintiff,

vs.

ORION MEDICAL ENTERPRISE, INC.,
NORTH BEACH DIALYSIS CENTER, INC.,
a Florida corporation, and JOHN DOES 1-10,

    Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT

Defendants, ORION MEDICAL ENTERPRISES, INC. ("Orion")( incorrectly identified in the caption as "d/b/a North Beach Dialysis Center"), and NORTH BEACH DIALYSIS CENTER, INC., a Florida corporation ("North Beach")(North Beach and Orion hereinafter collectively referred to as "Defendants"), as and for their Answer to the Amended Complaint filed by the Plaintiff, JACQUELINE MARKS ("Plaintiff" or "Ms. Marks" ), hereby state as follows:

1. Defendants lack sufficient information to admit or deny whether Plaintiff is a resident of Broward County. Defendants deny that Plaintiff was employed by Orion. The last sentence in paragraph 1 sets forth a legal conclusion to which no response is required.

2. Defendants admit that each is an "employer" within the meaning of the FMLA. Defendants deny the remaining allegations in paragraph 2.

3. Admitted.

4. North Beach admits the allegations of the first sentence in paragraph 4. North Beach denies the remaining allegations in paragraph 4.

5. Defendants lack sufficient information to admit or deny the allegations in paragraph 5.

6. Admitted.

7. Admitted.

8. Defendants lack sufficient information to admit or deny the allegations in paragraph 8.

9. Defendants admit that Plaintiff was employed as a patient care technician. Defendants deny the remaining allegations in paragraph 9.

10. Denied.

11. Denied.

12. Defendants admit that Plaintiff took leave from her employment with North Beach. Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 12.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Defendants lack sufficient information to admit or deny the allegations of the first sentence in paragraph 18. Defendants admit that Wage and Hour administers the FMLA.

19. Defendants admit that North Beach did not permit Plaintiff to resume her job duties as of the referenced date. Defendants deny the remaining allegations in paragraph 19.

20. Denied.

21. Denied.

Case No.:10-20121-CV-GRAHAM
page - 3 -

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Defendants incorporate their responses to the allegations in paragraphs 1-28.

30. Paragraph 30 sets forth legal conclusions to which no response is required.

31. Paragraph 31 sets forth a legal conclusion to which no response is required.

32. Paragraph 32 sets forth a legal conclusion to which no response is required.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Defendants incorporate their responses to the allegations in paragraphs 1-28.

38. Paragraph 38 sets forth legal conclusions to which no response is required.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Defendants incorporate their responses to the allegations in paragraphs 1-28.

45. Paragraph 45 sets forth legal conclusions to which no response is required.

46. Paragraph 46 sets forth a legal conclusion to which no response is required.

47. Denied.

48. Denied.

49. Denied.

50. Defendants incorporate their responses to the allegations in paragraphs 1-28.

51. Paragraph 51 sets forth legal conclusions to which no response is required.

52. Paragraph 52 sets forth legal conclusions to which no response is required.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Defendants deny all allegations not specifically admitted herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff was not employed by Orion.

2. Plaintiff was not terminated from her employment during the period referenced in the complaint.

3. Plaintiff did not incur any damages as a result of any alleged violation of the FMLA as alleged in the Amended Complaint.

4. When Plaintiff was absent from work as alleged in the Amended Complaint it was not the result of a "serious health condition" within the meaning of the FMLA.

5. Assuming, *arguendo*, that Plaintiff was absent from work because she had a "serious health condition" within the meaning of the FMLA, Plaintiff was not able to perform the essential functions of her job when she attempted to resume performing work for North Beach following the conclusion of her absence from work.

6. Assuming, *arguendo*, that Plaintiff was absent from work because she had a serious health condition within the meaning of the FMLA, North Beach believed in good faith that she was not able to perform the essential functions of her job when she attempted to resume performing work for North Beach following the conclusion of her absence from work.

7. Plaintiff failed to comply with her statutory obligations under the FMLA.

8. Plaintiff voluntarily resigned from her employment.

9. Plaintiff has waived her right to seek damages based on any alleged termination of her employment because she authorized the Wage and Hour Division of the Department of Labor to advise her employer that she was resigning from her employment.

10. Plaintiff is estopped from seeking damages based on any alleged termination of her employment because she authorized the Wage and Hour Division of the Department of Labor to represent to her employer that she was resigning from her employment with the intent that her employer would rely on such representation, and her employer reasonably relied on that representation.

11. North Beach believed in good faith that Plaintiff had resigned from her employment.

12. Plaintiff's inability to resume performing her job duties for North Beach when she sought to do at the conclusion of her absence from work had nothing to do with any retaliation for Plaintiff's alleged exercise of her FMLA rights.

13. Plaintiff has failed to mitigate her alleged damages.

Case No.:10-20121-CV-GRAHAM
page - 6 -

14. Any damages Plaintiff allegedly incurred are a result of her own actions and conduct.

15. Plaintiff's damages, if any, must be reduced by any payment previously received, or hereinafter received by Plaintiff from any collateral sources.

16. Count I fails to state a claim under the FMLA upon which relief can be granted.

17. Count III fails to state a claim under the FMLA upon which relief can be granted.

18. Each of Counts I-IV fails to state a claim against North Beach under the FMLA upon which relief can be granted.

WHEREFORE, the Defendants, ORION MEDICAL ENTERPRISES, INC., and NORTH BEACH DIALYSIS CENTER, INC., respectfully request that this Court dismiss the Amended Complaint, award Defendants their attorneys' fees, expenses and costs, and grant such other and further relief to Defendants as this Court deems just and proper.

Respectfully submitted,

Anania, Bandklayder, Baumgarten & Torricella
Attorneys for Defendants
Bank of America Tower – Suite 4300
100 Southeast Second Street
Miami, Florida 33131
(305) 373-4900

By: /s  Maurice J. Baumgarten
    Maurice J. Baumgarten
    Florida Bar No. 525324
    Email: mbaumgarten@anania-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of March 2010, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using CM/ECF, which will send notice to Matthew Seth Sarleson, Esq. counsel for Plaintiff.

 /s    Maurice J. Baumgarten
    Maurice J. Baumgarten